UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: M&C PARTNERSHIP, LLC          CIVIL ACTION

                                     NO. 21-1023-WBV-JVM

                                     SECTION: D (1)

### ORDER AND REASONS

On May 27, 2021, the debtor, M&C Partnership, LLC ("M&C"), filed a Notice of Appeal regarding the April 28, 2021 Memorandum Opinion and Order Dismissing Case issued by the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court").[1]  On June 22, 2021, M&C filed an Emergency Motion to Stay Order of Dismissal of Chapter 11 Case Pending Appeal (the "Motion to Stay").[2]  As required by Fed. R. Bankr. P. 8007(a), M&C first sought a stay from the Bankruptcy Court, which was denied.[3]

M&C requested expedited consideration of its Motion to Stay, which this Court granted in part and denied in part.[4]  The Court denied M&C's request for a hearing and oral argument on the Motion to Stay, but ordered that any opposition to the Motion to Stay be filed by July 2, 2021 and that the Motion to Stay would be

---

[1] R. Doc. 1.  *See*, R. Doc. 1-2.
[2] R. Doc. 2.
[3] R. Doc. 1-3 at p. 2; Bankr. Dkt. 206, 223, 224.
[4] R. Docs. 3, 4.

submitted on July 2, 2021.[5] Thereafter, appellee, Girod LoanCo, LLC ("Girod"), filed an Opposition to the Motion to Stay.[6]

After careful consideration of the Motion, the parties' memoranda and the applicable law, the Motion is **DENIED**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**[7]

This matter arises out of M&C's chapter 11 bankruptcy proceeding.  M&C is a Louisiana limited liability company whose sole member-manager is George Cella.[8] M&C owns and maintains a 5,000 square-foot, three-unit strip mall located at 3617 Williams Bld., Kenner, Louisiana (the "Property"), which Cella built approximately 40 years ago.[9]  In the years before M&C filed for bankruptcy, First NBC Bank ("FNBC") made loans in the principal aggregate amount of approximately $2.5 million to affiliates of M&C, including Florida Street Market, LLC, Riverwalk Development, LLC, and Sister Stuff, LLC, with Cella signing as the manager of all three entities (the "Florida Street Market Notes").[10]  The repayment of the Florida Street Market Notes was secured by property of those three obligor-affiliates. Although M&C is not an obligor on the Florida Street Market Notes, it later pledged the Property as additional collateral to secure repayment of the Florida Street Market Notes, mortgaging the Property to FNBC.[11]

---

[5] R. Doc. 4.
[6] R. Doc. 5.
[7] The Factual and Procedural Background is taken from the factual findings of the Bankruptcy Court, which M&C has neither questioned or objected to, and as to which this Court finds no clear error, and the public record of the Bankruptcy Court.
[8] R. Doc. 2-4 at p. 6.
[9] *Id.*
[10] *Id.*
[11] *Id.*

On April 28, 2017, the Louisiana Office of Financial Institutions closed FNBC, and the Federal Deposit Insurance Corporation (the "FDIC") was named Receiver.[12] Thereafter in 2017, Girod acquired the Florida Street Market Notes from the FDIC.[13]

In March 2019, Girod made demand on the primary obligor of the Florida Street Market Notes, and on Cella as guarantor of that debt, asserting that the loans were in default and demanding immediate payment of all sums due, plus interest and fees. Included in its demand was a notification to M&C that Girod intended to institute foreclosure proceedings on the Property, part of the collateral securing repayment of the Florida Street Market Notes.[14] M&C alleged in the Bankruptcy Court that Girod filed a foreclosure action against it on May 24, 2019, seeking to foreclose on the Property.

On June 5, 2019, M&C filed for bankruptcy relief under chapter 11 of the Bankruptcy Code and designated its case as a single asset real estate case.[15] Pertinent to the instant Motion to Stay, the sole proof of claim filed against the estate was filed by Girod, asserting a secured claim against the estate for $570,000, the value of the Property.[16] No objections were filed to Girod's proof of claim. After receiving two extensions from the Bankruptcy Court, M&C filed its first chapter 11 plan of reorganization and disclosure statement on December 31, 2019.[17] M&C amended its plan (the "Second Plan") and disclosure statement on May 8, 2020.[18] On

---

[12] *Id.* at p. 7.
[13] *Id.*
[14] *Id.*
[15] *Id.* (*citing* Bankr. Dkt. 1).
[16] R. Doc. 2-4 at p. 8 (citation omitted).
[17] R. Doc. 2-4 at p. 8 (*citing* Bankr. Dkt. 61, 75, 82, 84, 85).
[18] R. Doc. 2-4 at p. 9 (*citing* Bankr. Dkt. 99, 100).

November 17, 2020, M&C amended its plan a second time (the "Third Plan") and filed a supplemental disclosure statement.[19] On March 15, 2021, after holding a confirmation hearing on January 7, 2021, the Bankruptcy Court denied confirmation of the Third Plan, finding that M&C had failed to show that the Third Plan was feasible and treated Girod's secured claim fairly and equitably.[20] M&C has appealed the Bankruptcy Court's March 15, 2021 Order, which is pending before this Court as Civ. A. No. 21-639, *In re M&C Partnership, LLC*.

A week later, on March 22, 2021, the United States Trustee filed a motion to dismiss, seeking to dismiss M&C's bankruptcy case for cause under 11 U.S.C. § 1112(b)(4)(A) and (J) or to convert it to one under chapter 7.[21] Girod joined in the motion, and further asserted that the case was not filed in good faith and that Girod was entitled to terminate the automatic stay because this is a single asset real estate case and M&C cannot confirm and effectuate a plan, despite repeated opportunities to do so.[22] M&C opposed conversion or dismissal of the case.[23] On April 14, 2021, the day before the hearing on the motion to dismiss, M&C filed a new plan of reorganization (the "Fourth Plan"), which offered Girod two options for repayment of its allowed claim of $570,000: (1) payment in full within four days after the Effective Date from proceeds of a new loan obtained by M&C from Resource Bank and secured by the Property; or (2) payment of the $570,000 claim through M&C's issuance of a

---

[19] R. Doc. 2-4 at p. 9 (*citing* Bankr. Dkt. 128, 130).
[20] R. Doc. 2-4 at pp. 10-11 (*citing* Bankr. Dkt. 155).
[21] R. Doc. 2-4 at p. 11 (*citing* Bankr. Dkt. 159).
[22] R. Doc. 2-4 at p. 12 (*citing* Bankr. Dkt. 163).
[23] R. Doc. 2-4 at p. 12 (citation omitted).

promissory note, secured by the Property, with a five-year term, amortized over 25 years at 5% interest per annum, with a balloon payment at the end of the fifth year after the Effective Date.[24]

On April 28, 2021, after a hearing, the Bankruptcy Court issued a Memorandum Opinion and Order Dismissing Case, dismissing M&C's bankruptcy case in its entirety.[25] The following day, M&C filed an Emergency Motion to Reconsider Dismissal of Case and sought expedited consideration thereof, on the basis that the new loan contemplated in its Fourth Plan was funded and in escrow.[26] The Bankruptcy Court denied the request to expedite and held a hearing on June 9, 2021, after which it denied M&C's Motion to Reconsider, finding that the loan was not "new evidence" because it was within M&C's control for 22 months to obtain such financing, which it failed to do.[27] On May 26, 2021, M&C filed a Notice of Appeal to District Court regarding the Bankruptcy Court's April 28, 2021 dismissal order, and filed an Emergency Motion to Stay Pending Appeal with a request for expedited consideration.[28] According to M&C, the Bankruptcy Court held a hearing on the Emergency Motion to Stay on June 15, 2021, during which it denied the Motion, finding that M&C failed to show a likelihood of success on the merits and failed to show irreparable harm.[29]

---

[24] R. Doc. 2-4 at pp. 12-13 (*citing* Bankr. Dkt. 191).
[25] R. Doc. 2-4.
[26] R. Doc. 1-3 at pp. 3-4 (*citing* Bankr. Dkt. 208, 209); R. Doc. 5 at p. 5 (*citing* Bankr. Dkt. 208; R. Doc. 5-1 at p. 21).
[27] R. Doc. 1-3 at p. 3 (*citing* Bankr. Dkt. 213); R. Doc. 2-1 at pp. 5-6.
[28] R. Doc. 1-3 at p. 2 (*citing* Bankr. Dkt. 223, 224, 225). Fed. R. Bankr. P. 8007(a)(2) provides that the initial motion to stay in the bankruptcy case may be filed before or after the notice of appeal is filed.
[29] R. Doc. 2-1 at p. 6; R. Doc. 5 at p. 6 (*citing* R. Doc. 5-2 at pp. 22-23).

M&C's Notice of Appeal was filed into the record in this Court on May 27, 2021.[30] M&C filed the instant Motion to Stay on June 22, 2021, asking this Court to stay the Bankruptcy Court's April 28, 2021 order of dismissal pending appeal.[31] M&C emphasizes that a foreclosure sale of M&C's assets, including the Property, is scheduled for August 11, 2021 at 10:00 a.m.,[32] and that a stay should be granted, without bond, to maintain the status quo pending appeal.[33] M&C also asserts that certain factual findings of the Bankruptcy Court were clearly erroneous and that the Bankruptcy Court's legal conclusions were wrong.[34] M&C further asserts that no bond should be required based upon "serious questions" surrounding Girod's collection activities, the stability of the Property, M&C's post-bankruptcy payments to Girod, and the cash on hand available to pay Girod's proof of claim in full.[35]

Girod opposes the Motion to Stay, asserting that M&C has failed to offer any argument or evidence to establish three of the four factors that must be satisfied to be entitled to a stay pending appeal in this Circuit.[36] Girod argues that M&C cannot establish any of the four factors, and that M&C completely ignores the remedies it has to avoid foreclosure in state court.[37] Alternatively, if a stay is granted, Girod

---

[30] R. Doc. 1.
[31] R. Doc. 2.
[32] M&C has since supplemented the record with information indicating that the foreclosure sale of the Property is set for August 25, 2021. *See*, R. Docs. 6, 7, 2-7 & 2-8.
[33] R. Doc. 2-1 at pp. 1 & 6.
[34] *Id*. at p. 7.
[35] *Id*. at pp. 11-12.
[36] R. Doc. 5 at pp. 6, 7 (citing *In re First South Sav. Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987)).
[37] R. Doc. 5 at pp. 6, 7-16.

asserts that M&C should be required to post a bond as a condition of the stay pursuant to Fed. R. Bankr. P. 8007.[38]

## II. LEGAL STANDARD

This Court reviews the decision of a bankruptcy court to deny a stay pending appeal for abuse of discretion.[39] "A bankruptcy court abuses its discretion if it seriously errs in its determination of whether the moving party has established a case meriting injunctive relief."[40] A bankruptcy court's findings of fact are reviewed for clear error,[41] while the bankruptcy court's conclusions of law are reviewed *de novo*.[42] "A finding is 'clearly erroneous' if 'although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'"[43]

The decision to grant or deny a stay pending appeal rests within the sound discretion of the district court.[44] Under Fifth Circuit precedent, to obtain a stay in the district court pending appeal from a bankruptcy court's decision, an appellant must establish the following four elements: (1) a likelihood of success on the merits or, when a serious legal question is involved, a substantial case on the merits and equities weighing heavily in favor of granting the stay; (2) irreparable injury if the

---

[38] *Id.* at pp. 16-18.
[39] *In re Permian Producers Drilling, Inc.*, 263 B.R. 510, 514 (W.D. Tex. 2000) (citing *In re Barrier*, 776 F.2d 1298-1300 (5th Cir. 1985)).
[40] *In re Permian Producers Drilling, Inc.*, 263 B.R. at 514 (citing *In re Barrier*, 776 F.2d at 1300).
[41] *In re First South Sav. Ass'n*, 820 F.2d 700, 711 (5th Cir. 1987).
[42] *In re Permian Producers Drilling, Inc.*, 263 B.R. at 514 (citing *Richmond Leasing Co. v. Capital Bank*, 762 F.2d 1303, 1307 (5th Cir. 1985)).
[43] *In re Permian Producers Drilling, Inc.*, 263 B.R. at 514 (quoting *In re First South Sav. Ass'n*, 820 F.2d at 711).
[44] *In re First South Sav. Ass'n*, 820 F.2d at 709.

stay is not granted; (3) that the stay will not harm other parties; and (4) that the stay would serve the public interest.[45]  Each of these elements must be established by the party requesting the stay.[46]  The Fifth Circuit has clarified that, with respect to the likelihood of success factor, "Only 'if the balance of equities (i.e. consideration of the other three factors) is . . . heavily tilted in the movant's favor' will we issue a stay in its absence, and, even then, the issue must be one with patent substantial merit."[47]

## III.  ANALYSIS

As Girod aptly notes, M&C has failed to address the four factor-test applied by courts in this Circuit in determining whether to grant a stay pending appeal of a bankruptcy court's decision.[48]  As a result, M&C has not argued or presented any evidence to show a likelihood of success on the merits, that a stay will not cause substantial harm to other parties, or that a stay would serve the public interest.  The Fifth Circuit has made clear that all four elements must be met,[49] and that the party who seeks a stay bears the burden of establishing these prerequisites.[50]  Because M&C has failed to argue, much less show, that three of the four elements are met in this case, the Court finds that M&C has failed to carry its burden of proving that it is entitled to a stay pending appeal under Fed. R. Bankr. P. 8007.  Under Fifth Circuit precedent, discussed above, M&C's Motion to Stay must be denied on that basis alone.

---

[45] *Id.* at 704 (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982) ("*Ruiz II*")); *See, Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001) (same).
[46] *In re Texas Equip. Co., Inc.*, 283 B.R. 222, 227 (Bankr. N.D. Tex. 2002) (citing *Arnold*, 278 F.3d at 438-39).
[47] *Ruiz II*, 666 F.2d at 857 (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565-66 (5th Cir. 1981) ("*Ruiz I*")).
[48] *See generally*, R. Doc. 2-1.
[49] *Arnold*, 278 F.3d at 438-39.
[50] *Id.*; *Ruiz II*, 666 F.2d at 856 (citing *Drummond v. Fulton County Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976)).

The Court further finds, however, that the Bankruptcy Court did not abuse its discretion in denying M&C's request for a stay pending appeal of the Bankruptcy Court's dismissal order. Although not provided by M&C, Girod submitted a copy of the transcript from the Bankruptcy Court's June 14, 2021 hearing on M&C's motion to stay pending appeal with its Opposition brief.[51] According to the transcript, the Bankruptcy Court concluded that M&C had failed to show a likelihood of success on the merits of its appeal of the dismissal order because the case was dismissed for failure to meet deadlines in a single-asset real estate case.[52] M&C has not argued, and the Court does not find, that the Bankruptcy Court erred in reaching this conclusion.

The Bankruptcy Court further concluded that M&C had failed to show that it would suffer irreparable injury without a stay, noting that the dispute involved commercial, rather than residential, property that is neither unique nor irreplaceable.[53] M&C asserts in its Motion to Stay that, "Certain factual conclusions by the Bankruptcy Court were clearly erroneous and legal conclusions were wrong for the reasons discussed below," and subsequently asserts that the Bankruptcy Court erred in concluding that uniqueness is a prerequisite for a stay and erred in its characterization of the Property.[54] The Court disagrees. Although the Bankruptcy Court did reference the *In re Gleasman* case[55] and note that the Property is not

---

[51] R. Doc. 5-2.
[52] *Id.* at pp. 21-22.
[53] *Id.* at p. 22.
[54] R. Doc. 2-1 at pp. 7, 8, 9.
[55] 111 B.R. 595 (Bankr. W.D. Tex. 1990).

unique like the ranch involved in that case, the Bankruptcy Court astutely commented on M&C's argument that:, "So as far as irreparable harm goes, it can't be the -- they're talking about you know a pro se' rule every time we're dealing with real estate, that you automatically get a stay pending an appeal."[56] When the Bankruptcy Court asked why a foreclosure on the Property would constitute irreparable harm, counsel for M&C stated that Mr. Cella had developed the property over 40 years and that the court in *In re Gleasman* indicated that all real estate is unique, adding that, "Girod has made clear that this is part of the collateral package, which if we'd lose this you know, this further falls the dominoes that results in the entire demise of Mr. Cella, Your Honor."[57]

The Court finds that M&C has failed to show that the Bankruptcy Court's factual findings constitute clear error, or that the Bankruptcy Court erred in concluding that M&C had failed to show irreparable injury. In the Motion to Stay, M&C never mentions the phrase "irreparable injury." Instead, M&C asserts that a foreclosure sale of all of its assets is scheduled for August 11, 2021 at 10:00 a.m., and suggests that foreclosing on the Property in this case would constitute an irreparable injury.[58] M&C further argues that, "Courts routinely stay foreclosures and other court ordered sales of real estate pending appeal on the basis that the appellant's rights would otherwise be mooted." [59] The Court finds M&C's argument

---

[56] R. Doc. 4-2 at p. 19.
[57] *Id.* at p. 20.
[58] R. Doc. 2-1 at pp. 1, 12. M&C has since supplemented the record with information indicating that the foreclosure sale of the Property is set for August 25, 2021. *See,* R. Docs. 6, 7, 2-7 & 2-8.
[59] R. Doc. 2-1 at pp. 7-8 (citing *In re Fross*, 258 B.R. 26 (10th Cir. BAP 2001); *In re Weinhold*, 389 B.R. 783 (Bankr. M.D. Fla. 2008); *In re Texas Equip. Co., Inc.*, 283 B.R. 222 (Bankr. N.D. Tex. 2002)).

unpersuasive. As an initial matter, two of the cases cited by M&C in support of that argument are inapposite, as they are non-Circuit authority that do not mention, much less consider, the issue of irreparable harm in the context of a stay pending a bankruptcy appeal.[60] The remaining two cases relied upon by M&C, as explained in greater detail below, are factually distinguishable from this case and, therefore, do not support M&C's argument regarding irreparable harm.

M&C relies on *In re Texas Equip. Co., Inc.*, which involved an order by the bankruptcy court authorizing the trustee to sell the real and personal property at issue in the bankruptcy case, including real property to which third parties, Vaughn and Carolyn Culwell, claimed a right of possession and entry.[61] The Culwells appealed the bankruptcy court's ruling and sought a stay pending appeal under Fed. R. Bankr. P. 8005, which the bankruptcy court granted.[62] In addressing the element of irreparable harm, the bankruptcy court recognized that, "the Fifth Circuit applies the finality rule, meaning that an appeal *of a bankruptcy court's order authorizing sale* is usually moot pursuant to section 363(m) once the sale has occurred."[63] The bankruptcy court further explained that if the Culwells were denied a stay, a sale of the property would be irreversible, even if the bankruptcy court's order of sale was later reversed, which would leave the Culwells would be left without any effective

---

[60] *Arnold v. Garlock, Inc.*, 278 f.3d 46, 439 (5th Cir. 2001) (citing *In re First South Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987)); *See*, R. Doc. 2-1 at pp. 7-8 (citing *In re Fross*, 258 B.R. 26; *In re Weinhold*, 389 B.R. 783).
[61] R. Doc. 2-1 at pp. 8, 9 (citing *In re Texas Equip. Co., Inc.*, 283 B.R. at 224).
[62] *In re Texas Equip. Co., Inc.*, 283 B.R. at 224, 226-229.
[63] *Id*. at 228 (citing *Ginther v. The Ginther Trusts (In the Matter of The Ginther Trusts)*, 238 F.3d 686, 688-89 (5th Cir. 2001)).

remedies.[64]  The instant case does not concern a bankruptcy court's order authorizing the sale of the Property, but a foreclosure sale authorized by a  Louisiana state court.  As such, M&C's appeal of the Bankruptcy Court's dismissal order will not be rendered moot by a foreclosure of the Property.  The Court therefore finds that the reasoning behind the finding of an irreparable injury in *In re Texas Equip. Co., Inc.* does not apply in this case.

      The Court likewise finds M&C's reliance on *In re Gleasman*[65] misplaced, as that case is factually distinguishable from this case.  The "tortuous procedural history" of that case began with a lawsuit in state court by James Yao Gleasman and Margaret Yao Gleasman seeking damages for usury and various theories of lender liability, as well as injunctive relief to prevent the defendant from enforcing its mortgage against the real property at the center of the litigation.[66]  Although referencing some of the same factors used by the Fifth Circuit to determine whether a party is entitled to a stay pending appeal, the bankruptcy court in *In re Gleasman* explained that, "For purposes of determining whether a stay pending appeal should now issue, we are analytically in the same posture as an appeal from the termination or denial of an injunction.  The Gleasmans' motion for stay pending appeal is thus most appropriately analyzed as a request for continuation of that injunctive relief."[67]  The bankruptcy court then found that, "A foreclosure on real property is properly enjoined where the plaintiff's cause of action is such that, *if the plaintiff were to*

---

[64] *In re Texas Equip. Co., Inc.*, 283 B.R. at 228 (*citing*  11 U.S.C. § 363(m); *Ginther*, 238 F.3d at 689).
[65] 111 B.R. 595 (Bankr. W.D. Tex. 1990).
[66] *Id*. at 597.
[67] *Id*. at 600; *See, Id.* at 601 (citing *Ruiz I*, 650 F.2d 555, 565 (5th Cir. 1981)).

*prevail, the resulting liability would eliminate either the indebtedness or the lien*, in turn eliminating the lender's right to foreclose."[68]  That same rationale does not apply in this case.  Unlike the debtors in *In re Gleasman*, If M&C prevails in its appeal of the Bankruptcy Court's order of dismissal, it would not eliminate the indebtedness owed to Girod or the underlying mortgage on the Property.  Instead, this Court would remand the matter back to the Bankruptcy Court and M&C's chapter 11 bankruptcy proceeding would be allowed to proceed.  Further, there is no indication from the record before the Court that M&C disputes either the existence or validity of the debt owed to Girod or Girod's mortgage on the Property.  In fact, as recently as April 14, 2021, M&C submitted its Fourth Plan to the Bankruptcy Court, offering Girod two options for repayment of its allowed claim of $570,000.[69]  Thus, because a successful appeal in this case will not eliminate M&C's indebtedness or the mortgage over the Property, the holding in *In re Gleasman* does not support M&C's arguments regarding irreparable injury.

      The Court further rejects M&C's argument that its appeal of the Bankruptcy Court's order of dismissal will be rendered moot by a foreclosure of the Property.  As pointed out by the Bankruptcy Court, and reiterated by Girod in its Opposition brief, if M&C's recently-obtained refinancing opportunity is firm, M&C will be able to negotiate with Girod outside of the bankruptcy process.[70]  The Court agrees with Girod that if M&C has the funds available to satisfy Girod's claim, it can do so at any

---

[68] 111 B.R. at 601 (citation omitted and emphasis added).
[69] *See*, R. Doc. 2-4 at p. 12 (*citing* Bankr. Dkt. 191).
[70] R. Doc. 2-4 at p. 23; R. Doc. 5 at pp. 7-8 (*citing* Bankr. Dkt. 206 at p. 23).

time prior to the foreclosure sale, or M&C can appear at the sale and bid on the Property.[71] Additionally, as pointed out by the Bankruptcy Court and Girod, M&C can contest the foreclosure outside of the bankruptcy proceeding.[72] M&C has failed to offer any evidence or legal authority, beyond the cases discussed above, to indicate that a foreclosure of the Property will render its appeal moot.

Based on the foregoing analysis, the Court finds that M&C has failed to carry its burden of showing that it is entitled to a stay pending appeal of the Bankruptcy Court's order of dismissal under Fed. R. Bankr. P. 8007 and controlling Fifth Circuit authority. As such, the Court need not address M&C's arguments regarding the imposition of a bond as a condition of the stay.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that the Emergency Motion to Stay Order of Dismissal of Chapter 11 Case Pending Appeal, filed by M&C Partnership, LLC,[73] is **DENIED.**

New Orleans, Louisiana, July 26, 2020.

*(signature)*
**WENDY B. VITTER**
**United States District Judge**

---

[71] R. Doc. 5 at p. 8.
[72] R. Doc. 5-2 at p. 22; *See,* R. Doc. 5 at p. 8 (*citing* La. Code Civ. P. art. 2642).
[73] R. Doc. 2.